-1832.

Robertson
v.
Robertson.

---

M. ROBERTSON, by her next friend, *vs.* T. ROBERTSON.

The next friend of a wife, in a suit against her husband for a separation, should be worth at least $250 over and above his debts.

Although the next friend of the complainant is irresponsible, the defendant is not entitled to have the bill dismissed, in the first instance; but the proceedings on the part of the complainant will be stayed until sufficient security for costs is given, or a responsible person is substituted as the next friend.

Upon a proper application, a wife may be permitted to file a bill against her husband for a separation, by her next friend, in forma pauperis. But this will not be done until the court has ascertained, by the report of a master, that she has probable cause for filing such bill.

THIS was an appeal from a decision of the vice chancellor of the first circuit, refusing to stay the proceedings in a suit commenced by a wife against her husband. The petition on which the application was founded, alleged that the next friend of the complainant was wholly irresponsible and without property; and that he was, as the petitioner was informed and believed, an apprentice and under age. By the affidavits on the part of the complainant, it appeared that the next friend became of age about one month before the filing of the bill. He swore that he was not in debt, and that he believed

July 3.

1832.

Robertson
v.
Robertson.

he should be able to realise from his wages, after deducting his expenses, about $15 per month.

*D. Selden*, for the complainant.

*D. B. Tallmadge*, for the defendant.

THE CHANCELLOR. The 163d rule of this court requires that the next friend of the wife, who prosecutes a suit of this kind, should be a responsible person. By the term responsible, in this rule, is meant that the next friend should be possessed of property sufficient to pay the costs which may be adjudged against him, if in the end it should appear that the suit was instituted without any reasonable or justifiable cause. The statute having fixed the amount of security for costs in this court at $250, the next friend should, by analogy, be worth at least that sum over and above all his debts. Such was the construction given to the rule in the recent case of *Lawrence* v. *Lawrence*, (*ante*, p. 267.) The fact that the next friend in this case is out of debt, and may be able hereafter to earn sufficient, over and above what is necessary for his support, to pay the costs of this suit, does not answer the requirements of the law. If the suit is prosecuted with due diligence, it will be terminated long before the next friend can have earned enough to pay the costs of the litigation. From the affidavits in the case it is evident that he was worth nothing at the time this suit was commenced, and the defendant has no security that he will ever be in a better situation.

There can be no difficulty in a case of this kind arising from the fact that the injured wife may not be able to procure any responsible person to be her next friend. I can hardly imagine a case where there is such clear and manifest abuse and misconduct on the part of the husband as to render it discreet and prudent on the part of the wife to institute a proceeding of this kind, in which she would not find some neighbor or friend of sufficient responsibility who was willing to interfere in her behalf. But even if such a case should occur, this court has already decided that the wife may, upon a proper application, be permitted to prosecute by her next friend, as a poor person ; in which case such next friend would only be

liable for misconduct in the prosecution of the suit. In such cases, however, the court ascertains by the report of a master, in the first instance, that the wife has reasonable or probable grounds for instituting a proceeding of this kind; and it assigns her a solicitor and counsel, who will not think of instituting a suit for the mere purpose of getting a heavy fee in advance, by an order upon the husband. There is nothing in the case now before me to induce a belief that this suit is one of that class; but I cannot adopt a principle that would encourage such abuses, and thus disturb the peace of families.

Although the application to dismiss the bill of the complainant, on account of the irresponsibility of the next friend, was not correct, in point of form, yet, as the prayer of the petition was in the alternative, the vice chancellor should have granted the proper relief, upon the facts presented. He should have ordered the proceedings to be stayed, on the part of the complainant, until a responsible person should be substituted as the next friend, or security for costs given. (1 *Sim. & Stu. Rep.* 264. 1 *Paige's Rep.* 180.)

The order of the vice chancellor must be reversed, with the costs of this appeal, to be paid by the next friend of the complainant, if her bill is hereafter dismissed, for want of prosecution or otherwise. But if she succeeds in establishing her right to a decree for a separation, then neither party is to have any costs on this appeal. An order must be entered directing that all proceedings on the part of the complainant be stayed until security for costs is given, in the sum of $250, or until a responsible person is substituted as the next friend; the sureties or next friend in either case to justify. If the security is not given, or the substitution made within thirty days after the entry of the order upon this decision, the complainant's bill must be dismissed, with costs to be paid by the next friend.